GOLDHAMER *v.* WAYNE CIRCUIT JUDGE.

JUSTICES OF THE PEACE—APPEALS—POWER OF CIRCUIT COURT TO AUTHORIZE.

>  Section 10 of Act No. 460, Local Acts 1895, limiting the absolute right of appeal from justices' judgments in the city of Detroit to cases where the amount involved is not less than $50, but providing that an appeal may be authorized by the circuit court when a party has been prevented from making a defense upon the merits by circumstances not under his control, or "when justice requires that such appeal should be authorized," does not give the court discretionary power to allow an appeal after the lapse of the five days prescribed by the general statute for taking appeals.

*Mandamus* by William Goldhamer to compel Willard M. Lillibridge, circuit judge of Wayne county, to vacate an order allowing an appeal from a judgment rendered in justice's court. Submitted November 5, 1895. Granted December 3, 1895.

The general statute relative to justices' courts provides that appeals to the circuit shall be taken within five days after the rendition of judgment, but that the circuit judge may authorize an appeal after the expiration of that time where the party has been prevented

from taking the same by circumstances not under his control. 2 How. Stat. §§ 6999, 7005.

Section 10 of the Detroit justices' courts act (Local Acts 1895, Act No. 460) provides as follows:

"No appeal shall be taken from any judgment of any justice of the peace in said city of Detroit except in the following cases:

"*First.* When said justice shall disallow any claim in favor of any plaintiff or defendant in any cause in said justices' courts, in whole or in part, to the amount of $50.

"*Second.* When such justice shall render a judgment to the amount of $50, exclusive of costs,—in either of which cases the party aggrieved may appeal.

"*Third.* Appeals may be authorized by the circuit court of the county of Wayne when the party making the appeal has been prevented from making a defense upon the merits of the cause in which such appeal is taken by circumstances not under his control; and such appeal may also be authorized when justice requires that such appeal should be authorized."

Relator recovered a judgment for $25 against one Latimer before a justice of the peace for said city. Nineteen days thereafter, the defendant applied to the circuit court for leave to appeal, which application was granted by respondent. Relator thereupon applied for *mandamus* to compel the vacation of such order. The return of respondent states that he granted the application to appeal for the reasons set forth in the third subdivision of the statute above quoted.

*James H. Pound*, for relator.

*Griffin & Warner*, for respondent.

PER CURIAM. In this matter the writ is granted. Act No. 460, Local Acts 1895, cannot be construed as giving to the circuit court discretionary power with respect to dilatory appeals.