GROCERS, INC., *v.* ALLEGAN CIRCUIT JUDGE.

PROCESS—SERVICE—ATTACHMENT OF NOTICE OF RULE TO PLEAD—JURISDICTION.

Where suit was started by declaration, attaching thereto a rule to plead and notice of rule to plead, there was a substantial compliance with the judicature act (3 Comp. Laws 1915, § 12407), and the trial judge was in error in holding that service of the rule to plead and notice thereunder was insufficient to confer jurisdiction.

Mandamus by the Grocers, Incorporated, to compel Orien S. Cross, circuit judge of Allegan county, to vacate an order dismissing a cause of action. Submitted October 7, 1919. (Calendar No. 28,882.) Writ granted December 22, 1919.

*Wilkes & Stone* (*Henry F. Jacobs,* of counsel), for plaintiff.

*Charles Thew,* for defendant.

BROOKE, J.   Plaintiff started suit by declaration, attaching thereto a rule to plead and notice of rule to plead which was proper practice under the applicable law prior to the passage of the judicature act, 3 Comp. Laws 1915, § 12407, which provides:

"All actions at law in any court of record, except mandamus, quo warranto, and certiorari, may be commenced either,

"1. By original writ. or

"2. By filing in the office of one of the clerks of the court, a declaration upon which is indorsed a notice in substantially the following form:

"To........................Defendant:

"You are hereby notified that a suit has been commenced against you as defendant by..............., as plaintiff, and that the within is a true copy of plaintiff's declaration in said cause, and that if you desire to defend the same, you are required to plead thereto within fifteen days after service upon you of a copy of said declaration.

"Dated....................

".................................,

"Attorney for Plaintiff."

After service, on motion of defendant an order was entered by the circuit court dismissing said cause for want of jurisdiction of the parties, it being held that the service of the rule to plead and notice thereunder was not a substantial compliance with the provisions above quoted from the judicature act.   In so deter-

mining we must hold the learned circuit judge was in error. The thing to be accomplished was the notification of the defendant of the pendency of the suit and the time within which he would be required to plead. That purpose was as well accomplished by service under the old practice as under the new. The judicature act in terms requires only a *substantial compliance*. Pending the hearing of the motion to dismiss the plaintiff filed a new declaration (not entitled in the cause), containing the notice required by the judicature act. A second motion to dismiss the new declaration was likewise granted by the court.

Inasmuch as the court was in error in dismissing the action because of the alleged improper service it is apparent that there was no necessity for filing the second declaration.

The writ will issue requiring the circuit judge to set aside both orders and reinstate the case. Upon the question here involved, see *In re Joseph*, 206 Mich. 659, and *Kentucky Wagon Manfg. Co.* v. *Kalamazoo Circuit Judge, ante*, 267. With costs to plaintiff.

BIRD, C. J., and SHARPE, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.