RUSSELL v. H. HUTCHINS & CO.

1. APPEAL AND ERROR—DILATORY APPEAL—SUMMARY PROCEEDINGS —DISCRETION OF COURT.

The showing made by defendant in summary proceedings that it was misled and delayed in perfecting its appeal within the statutory time by circumstances beyond its control, *held,* sufficient to justify the circuit court, in the exercise of its discretion, in allowing a dilatory appeal under the provisions of 3 Comp. Laws 1915, § 14408.

2. SAME—CASE-MADE.

In bringing a case to the Supreme Court for review by case-made, compliance should be had with Circuit Court Rule No. 67, providing that there should be "attached thereto a statement of errors the same as bills of exceptions."

Case-made from Monroe; Root (Jesse H.), J.   Submitted June 16, 1922.   (Docket No. 114.)   Decided July 20, 1922.

Summary proceedings by Emma Russell against H. Hutchins & Company for possession of leased premises.

There was judgment for plaintiff, and defendant appealed to the circuit court. From an order denying a motion to dismiss the appeal, plaintiff appeals. Affirmed.

*George S. Wright,* for appellant.

*Willis Baldwin,* for appellee.

STEERE, J. This proceeding comes here for review as a case-made, by stipulation of counsel for the respective parties that it be—

"—certified to the Supreme Court of the State of Michigan in the form of case-made and that all affidavits submitted to the circuit judge in Monroe, all testimony taken in open court and the order made by the circuit judge thereon shall be certified to the Supreme Court and that each party reserves the right to file briefs and arguments therein and that the case shall be heard on briefs, * * * the Supreme Court to base its findings on the affidavits, oral testimony, order of the court and briefs filed by counsel."

The following "Statement of Procedure" signed by counsel appears in the record:

"This was a summary proceeding to recover possession of certain premises for nonpayment of rent instituted under sections 13240 to 13257, inclusive, of the Compiled Laws of the State of Michigan, for the year 1915, action having been started by summons before Edgar Gordon, circuit court commissioner in and for the county of Monroe, State of Michigan, on the 7th day of December, 1921, returnable December 12, 1921, case adjourned to December 19, 1921. Testimony being taken, the commissioner reserved his decision and on the 21st day of December, 1921, made a finding that defendant was guilty and that there was due plaintiff two hundred twenty-eight dollars and sixty-four cents ($228.64) unpaid rent.

"Affidavit and bond on appeal filed with the circuit court commissioner on the 29th day of December,

1921, and the same day the circuit court commissioner made his return to the circuit court.

"On January 5, 1922, petition was filed by the defendant in the circuit court for leave to perfect a dilatory appeal under section 14408, 3 Comp. Laws 1915.

"Hearing had on said petition on the 9th day of January, 1922, and other dates, hearing being had on affidavits submitted by both plaintiff and defendant and testimony taken in open court, all of which is herewith returned.

"Order allowing special appeal filed January 30, 1922, copy of which is herewith returned.

"This appeal is made to the Supreme Court by the plaintiff on the order allowing the dilatory appeal to be made as entered by the circuit judge of Monroe county."

Plaintiff's claim of error is directed against an order of the circuit court dated January 30, 1922, granting defendant leave to appeal after expiration of the 5 days statutory limitation, as follows, so far as material:

"The petition for leave to appeal in the above entitled cause having come on to be heard and it appearing to the court that the defendant, H. Hutchins & Company, were prevented, by cause beyond its control from perfecting its appeal, and that in good faith while attempting to appeal, it was misled as to the time for appealing and was delayed beyond the statutory period for appealing.

"Therefore it is ordered that the appeal already taken after the statutory period be and hereby is allowed to stand with full force and effect as though taken within the five-day period.

"It is further ordered that the defendant furnish a new bond on said appeal in the penal sum of two thousand ($2,000.00) dollars, to be approved by the clerk."

Defendant is a corporation, H. Hutchins being its president and manager. Through him defendant rented from plaintiff a store in Monroe and under its

lease expended about $6,000 in improvements on the property.    The record does not disclose how long the lease ran nor the rate of rent.    Defendant conducted a merchandizing business in the store for a time, then sold the business and sub-leased the premises to the Comstock Brothers Company who occupied it with a stock of merchandise when this controversy arose.

The issue in this summary proceeding appears to have been over the amount of rent due, as the commissioner testified that his decision was for $74.45, not including two checks totaling $154.19 "which had not been accepted by plaintiff in said cause by reason of the controversy over the amount of rent due."

Hutchins resided in Ypsilanti from where he went with defendant's attorney, Mr. Brown, on December 19, 1921, to attend the trial before the commissioner at Monroe, returning to their homes in Ypsilanti after the case was submitted, it being agreed that plaintiff's counsel who lived in Monroe would advise defendant's counsel of the result when a decision was rendered. This he did on December 23, 1921, and defendant's counsel then informed Hutchins of the adverse decision, telling him he had five days in which to appeal and would have to pay the costs, which Hutchins proposed to do and at once called up H. Comstock of Comstock Brothers Company by long distance 'phone directing him to see about the matter and ascertain from the commissioner if the judgment was entered, the date, etc., and what would be required for an appeal.    Brown having other matters was unable to attend to it for him.    This Comstock endeavored at once to do but was unsuccessful in finding the commissioner at his office or elsewhere, learning, as he testified, that he was out of town and the girl at his office said that "she didn't expect him until Tuesday," and he then so advised Hutchins by telephone.    That was on Friday.    Hutchins called Comstock up Satur-

day, Monday and Tuesday, following, inquiring and requesting him to repeat the effort, which Comstock testified he did without being able to see the commissioner until the 27th, when he made the inquiries and request desired, but was told by the commissioner, as he testified, that the papers were in the office of plaintiff's attorney and defendant would have plenty of time to appeal after he got them. He also testified that he saw both. the commissioner and plaintiff's attorney on the 28th, who each told him they would have plenty of time to appeal. On receiving this information from Comstock Hutchins went over to Monroe the next day (December 29th), saw the commissioner and at once filed his verified petition with bond, taking an appeal proper in :form, which the commissioner testified he erroneously dated on the 28th, owing to his having failed to remove that date from his calendar until later. After bond on appeal and other requirements had been complied with, the commissioner made his return to the circuit court on the same date, which was followed by defendant's petition for leave to perfect its belated appeal, supported by affidavits, on the ground that appeal within the statutory time had been prevented by circumstances beyond its control, which was met by a motion to dismiss the petition for leave to appeal for the reason that it was not perfected within five days from rendition of judgment.

At close of the trial before the commissioner it was mutually agreed that plaintiff's counsel would inform defendant's as to the judgment when rendered, which was not done until two days after that time. Defendant's counsel understood from the communication that the decision was made on the 23d. It is undisputed that after receiving such notice Hutchins desired to appeal and made efforts to that end in good faith on each day thereafter, except the inter-

vening Sunday, either by agent or in person until an appeal was perfected in form and returned to the circuit court on the eighth day after the decision was rendered.    If he was misled and delayed, as his showing indicates, by absence of the commissioner from town, or by assurances of the commissioner and opposing counsel that he yet could appeal within the time he did so, it was clearly within the power of the trial court to grant the relief.

His showing upon those points is disputed in the particulars that plaintiff's counsel denies telling Comstock they would have plenty of time to appeal, while the commissioner denies being absent from town on those days and states of Comstock's efforts:

"He tried to reach me once on Friday after the decision of Wednesday and I was temporarily out of the office and the same thing occurred on Saturday succeeding and he didn't find me.    I was in and about the office the greater part of the time from 8:30 till 3 in the afternoon of both Friday and Saturday. I think he got in touch with me the succeeding Monday or Tuesday and wanted the items composing my estimate of the amount due.  *  *  *  At that time he asked me about the appeal, the time limit, and I told him that I thought he would be given a reasonable time limit if it was agreeable to Mr. Wright, that Mr. Wright was always ready to extend the time where he could."

This court is not the trier of issues of fact on actions brought here for review by case-made or writ of error.    As a matter of law there was ample evidence to support the conclusion reached by the trial court, which upon the essential facts was not in our opinion against the great weight of evidence.

We note that the case-made, settled by stipulation of counsel, does not "have attached thereto a statement of errors the same as bills of exceptions" in compliance with Circuit Court Rule No. 67, and it might well

be questioned whether such interlocutory order under which the trial court retained jurisdiction should be reviewed in this proceeding; but as the same result would follow dismissal on those grounds we have concluded under the circumstances shown to dispose of the question involved on its merits, which is not, however, to be taken as approving authority for the procedure followed here.

The order appealed from is affirmed, with costs to defendant.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.