WHALEN *v.* WAYNE CIRCUIT JUDGE.

ACTION — PLEADING — WHERE SUIT COMMENCED BY DECLARATION
   WITH NOTICE TO PLEAD, SUBSTANTIAL COMPLIANCE SUFFICIENT.
   Where action was commenced by declaration with notice
   to plead indorsed thereon, as provided by 3 Comp. Laws
   1915, § 12407, and plaintiff's attorney signed the notice to
   plead, but failed to sign the declaration itself, there was
   substantial compliance with the statute and Circuit Court
   Rule No. 21, § 9, requiring every pleading to be signed,
   and amendment should have been permitted, although such
   irregular practice is not commended.

Mandamus by Joseph Whalen to compel Fred S.
Lamb, acting circuit judge of Wayne county, to set
aside an order of dismissal in an action at law.    Sub-
mitted April 12, 1927.    (Calendar No. 33,023.)    Writ
granted June 24, 1927.

*George C. Quinnell (Douglas, Barbour, Brown &
Rogers,* of counsel), for plaintiff.

*McIntyre & Robinson,* for defendant.

CLARK, J.    Plaintiff commenced suit by declaration
with notice to plead indorsed thereon, as provided by
section 12407, 3 Comp. Laws 1915:

"All actions at law in any court of record, except
mandamus, *quo warranto,* and *certiorari,* may be com-
menced either,

"1. By original writ; or

"2. By filing in the office of one of the clerks of the
court, a declaration upon which is indorsed a notice
in substantially the following form:

"To ............................... defendant:

"You are hereby notified that a suit has been
commenced against you as defendant by............
........................., as plaintiff, and that

Pleading, 31 Cyc. p. 526 (Anno).

the within is a true copy of plaintiff's declaration in said cause, and that if you desire to defend the same, you are required to plead thereto within fifteen days after service upon you of a copy of said declaration.

"Dated ..............................

...................................,

"Attorney for plaintiff.

"And either of said methods may be used in any case, notwithstanding the provisions of any general, local or special act, or city or village charter to the contrary.    If such action shall be commenced by original writ, plaintiff shall file his declaration in the office of the clerk within fifteen days after issuance of such writ."

Plaintiff's attorney signed the notice to plead, but he failed to sign the declaration itself.

A writ of garnishment was issued and served.    The principal defendants moved to dismiss the declaration and the garnishment because of the irregularity stated. Plaintiff sought to amend.    Defendant's motion was granted.    Mandamus is prayed to set aside the order of dismissal.

The older cases relating to signing pleadings tend to support the decision of Judge Lamb.    *Benalleck* v. *People*, 31 Mich. 200; *Kimball* v. *Ward*, Walk. Ch. 439; *Bernier* v. *Bernier*, 72 Mich. 43.    And Circuit Court Rule No. 21, § 9, requires that every pleading shall be signed by a party or his agent or attorney. If the rule be construed strictly the writ should be denied.    But there is a marked tendency in both bench and statute law toward accepting substantial compliance.    Speaking of said statute, it was said in *Grocers, Inc.*, v. *Allegan Circuit Judge*, 208 Mich. 270, "The judicature act in terms requires only a substantial compliance."    And it was there held that starting a suit by declaration attaching thereto a rule to plead and notice of rule to plead, as required by law prior to the judicature act, was a sufficient compliance with such act, section first above cited.    And in *Kentucky*

*Wagon Manfg. Co.* v. *Kalamazoo Circuit Judge,* 208 Mich. 267, it was held, quoting syllabus:

"The service of a copy of the rule to plead, instead of a notice thereof, on defendant, at the time of service of the declaration, was not such a defect in the proceedings as to affect the regularity of the entry of default." * * *

And we quote syllabus of *Campbell* v. *Wayne Circuit Judge,* 111 Mich. 247:

"A rule to plead is not fatally defective because not entitled in the names of all the defendants, where the copy served is indorsed upon a copy of the declaration, in which all parties are correctly named."

The principle of substantial compliance applies alike to both statute and rule. The form of declaration with signed notice to plead indorsed thereon was duly filed and intended as an original declaration. The declaration and notice are not separable under the statute. Physically they are one. The notice refers to the declaration. The signed notice discloses the name of the attorney appearing for plaintiff and meets the test of the *Benalleck Case.* No one was misled. We think it should be held that the declaration filed complied substantially with the rule and the statute, although imperfect and irregular practice is not to be commended. It follows that the court had jurisdiction, and that plaintiff ought to have been permitted to amend.

The writ will issue, if necessary, with costs to plaintiff.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred. BIRD, J., concurred in the result.