SHRAGER *v.* RICH.

JUSTICES OF THE PEACE—NOTICE OF APPEAL—CIRCUIT COURT RULE. Where notice of appeal from justice's court was not served on appellee within five days after the return on appeal was filed in the office of the county clerk, as required by Circuit Court Rule No. 11, the circuit court acquired no jurisdiction, and the appeal was properly dismissed.

Error to Wayne; Moynihan (Joseph A.), J. Submitted February 7, 1928; resubmitted March 27, 1928. (Docket No. 144.) Decided April 3, 1928.

Action in justice's court by Abe Shrager against Hyman Rich. There was judgment for plaintiff, and defendant appealed to the circuit court. From an order dismissing the appeal, defendant brings error. Affirmed.

*Hugh M. Edwards,* for appellant.

*Samuel H. Rubin* (*Lawrence J. De Ferie,* of counsel), for appellee.

SHARPE, J. On September 23, 1927, defendant filed an affidavit and bond to secure an appeal from a judgment rendered against him in justice's court in the city of Detroit. The return of the justice was filed on October 4th. On October 20th, the plaintiff's attorney was notified by the assignment clerk that the case was set for trial on the 31st. On October 25th he filed and served a motion to dismiss the appeal for failure of defendant or his attorney to serve notice of such appeal within five days after the return on appeal was filed in the office of the county

Justices of the Peace, 35 C. J. § 464; 16 R. C. L. 403.

clerk, as required by Circuit Court Rule No. 11 (237 Mich. xxxiii). On October 27th defendant's attorney gave plaintiff's attorney notice in writing "of the pendency of such appeal." On October 29th the motion to dismiss came on for hearing before Judge Moynihan, and an order of dismissal was entered. Defendant seeks review by writ of error.

Both the Constitution (Art. 7, § 5) and the statute (3 Comp. Laws 1915, § 12019) impose on this court the duty to establish, modify, amend and simplify the practice in this court and in all other courts of record by general rules. Circuit Court Rule No. 11 reads as follows:

"In appeal cases, where the party upon whom papers are sought to be served has not appeared by attorney, service may be made upon such party personally, or by mail in the manner provided for service on attorneys by mail; and if there be two or more such parties who are partners, service upon one shall be sufficient. If such party is not a resident of the State, or if his place of residence cannot be ascertained, such papers may be served by posting the same in a conspicuous place in the office of the county clerk, and if the post-office address of said party be known or can be ascertained, a copy shall be mailed to him. But proof of such service, mailing or posting, and the facts authorizing such posting, shall be filed before the court shall take any action on the strength thereof.

"In cases of appeal from a circuit court commissioner or the justice's court, the party appealing shall serve notice of the appeal upon counsel for the opposite party in the court below, if the opposite party had counsel in the court below, or if not, then such notice shall be served upon the opposite party personally or by mail in the manner provided for service upon attorneys by mail, within five days after the return on appeal is filed in the office of the county clerk."

The first paragraph above quoted provides that proof of such service "shall be filed before the court shall take any action on the strength thereof." The second paragraph provides for the *time* and manner of

service. It explicitly provides that the notice of appeal shall be served "within five days after the return on appeal is filed in the office of the county clerk." When the return of the justice is made and filed, the court acquires jurisdiction over the subject-matter. But no jurisdiction is acquired over the person of the appellee until proof of the service of notice of appeal has been filed, as required by the rule. In that respect "the notice is much the same as that of an original summons." 16 R. C. L. p. 403.

"If the required notice is not given in the manner prescribed by law the appellate court will acquire no jurisdiction, except to dismiss the appeal or affirm the judgment below." 35 C. J. p. 773.

In construing a statute requiring notice in certain cases appealed from the probate court, this court said in *Hosey* v. *Ionia Circuit Judge,* 120 Mich. 280:

"The statute requiring notice to the adverse party is mandatory, and, until the party is given such notice, the circuit court has no jurisdiction over the parties to the record."

The rule contains no provision for the court, to which the appeal has been taken, extending the time within which such service may be made. In our opinion the language is mandatory.

The order is affirmed, with costs to appellee. In view of the question presented and the conclusion reached, we do not decide whether such an order may be reviewed by writ of error.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and POTTER, JJ., concurred.