BROCKWAY v. KENT CIRCUIT JUDGE.

1. Justices of the Peace—Notice of Appeal Indispensable.
    Giving the notice of appeal from justice's court within five days after filing of the return on appeal in the office of the county clerk as required by Circuit Court Rule No. 11, is indispensable, but substantial compliance is sufficient.

2. Same—Substantial Compliance With Court Rule—Irregularity Not Commended.
    Service of papers within five days after filing of return of appeal, giving notice that the cause was in the circuit court, the circuit number thereof, notice of retainer and demand for jury trial, with information that the jury fee had been paid, and of request that the cause be placed for trial, held, substantial equivalent of notice of appeal required by Circuit Court Rule No. 11, although irregular, and such irregularity is not to be commended.

Mandamus by Mary Brockway to compel Major L. Dunham, Kent circuit judge, to vacate an order dismissing appeal from justice's court. Submitted January 15, 1929. (Calendar No. 34,124.) Writ granted March 29, 1929.

*Dilley, Souter & Dilley,* for plaintiff.

*Cornelius Hoffius* and *Dorr Kuizema,* for defendant.

Clark, J. The trial judge dismissed on motion an appeal from justice's court for the reason that notice of the appeal had not been served within five days after the filing of the return on appeal in the office of the county clerk as required by Circuit Court

Rule No. 11 (237 Mich. xxxiii).   Plaintiff seeks on mandamus to have the order of dismissal vacated.

The return on appeal was filed by the county clerk on September 18, 1928, and given the number 31726. Within the five days the following papers were filed in the cause and served on counsel for defendant.

"STATE OF MICHIGAN—In the Circuit Court for the County of Kent.

"MARY BROCKWAY,
    Plaintiff,
        v.                              No. 31726.
OLLIE F. HENDERSON,
    Defendant.

"To the Above Named Defendant, and
    Cornelius Hoffius, His Attorney,
        Michigan Trust Building,
            Grand Rapids, Michigan:
    "Gentlemen:   Please take notice that we are retained by the plaintiff in this cause.
                            "Yours, etc.,
                (Signed)   "DILLEY, SOUTER & DILLEY,
                            "Attorneys for Plaintiff.
"Business Address:
    535 Michigan Trust Building,
        Grand Rapids, Michigan.
"Dated September 19, 1928."

"STATE OF MICHIGAN—In the Circuit Court for the County of Kent.

"MARY BROCKWAY,
    Plaintiff,
        v.                              No. 31726.
OLLIE F. HENDERSON,
    Defendant.

"Comes now the plaintiff and demands a trial of this cause by jury.
                (Signed)   "DILLEY, SOUTER & DILLEY,
                            "Attorneys for Plaintiff.

"Business Address:
535 Michigan Trust Building,
Grand Rapids, Michigan."

"To Mr. LOUIS NEUMANN,
County Clerk,
Grand Rapids, Michigan:
"Sir: In view of the above demand for trial by jury, and the jury fee in the sum of $3.00 hereto attached, kindly place this cause on for trial at the September, 1928, term of court.

"Yours, etc.,
(Signed) "DILLEY, SOUTER & DILLEY,
"Attorneys for Plaintiff.

"Business Address:
535 Michigan Trust Building,
Grand Rapids, Michigan."

Giving the notice is indispensable. *Shrager* v. *Rich*, 242 Mich. 419. The rule does not prescribe form of notice. Substantial compliance is sufficient. *Whalen* v. *Wayne Circuit Judge*, 239 Mich. 482. The papers served within the period of five days gave notice that the cause was in the circuit court, gave the circuit number thereof, gave notice of retainer and demand for jury trial therein, and information that the jury fee had been paid and of request that the cause be placed for trial in the ensuing September term.

This is substantial equivalent of a notice of appeal under the rule. While such irregularity is not to be commended, we are constrained to hold there has been substantial compliance.

The writ will issue if necessary. Costs to plaintiff.

NORTH, C. J., and FEAD, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.