LIVINGSTON *v.* SAGINAW CIRCUIT JUDGE.

1. JUSTICES OF PEACE—NOTICE OF APPEAL MANDATORY.
   Provision in Circuit Court Rule No. 11 for notice of appeal from justice's court is mandatory.

2. SAME—RETURN OF JUSTICE—NOTICE OF APPEAL.
   Filing return of justice of peace on appeal gives circuit court jurisdiction over subject-matter in dispute, but until notice of appeal has been given appellee, as required by Circuit Court Rule No. 11, circuit court acquires no jurisdiction over appellee.

3. SAME—SUBSTANTIAL COMPLIANCE WITH RULE.
   Giving notice by attorney that he had been retained in certain case, and had filed appearance accordingly, was not substantial compliance with Circuit Court Rule No. 11, requiring notice of appeal from justice's court, where at time it was given return of justice of peace on appeal had not been filed, and there was no such case pending in circuit court. ·

Mandamus by Charles D. Livingston, commissioner of insurance, as custodian and manager of the Capital Mutual Fire Insurance Company, Limited, to compel Clarence M. Browne, Saginaw circuit judge, to vacate an order dismissing an appeal from justice's court. Submitted June 11, 1929. (Calendar No. 34,005.) Writ denied July 8, 1929. Rehearing denied September 4, 1929.

*Clayton F. Jennings,* for plaintiff.

*R. L. Crane,* for defendant.

SHARPE, J. In an action brought by plaintiff before a justice of the peace in the county of Saginaw against Philemon Clement, a judgment was entered for the defendant on June 28, 1928. On July 3d, plaintiff's attorney filed notice of his appearance with the county clerk and served on Riley L. Crane,

who had appeared as attorney for the defendant in justice's court, the following notice:

"Kindly take notice that I have been retained as attorney for the plaintiff in the above cause and have filed my appearance accordingly."

The return of the justice was not filed until July 5th. On July 12th Mr. Crane moved to dismiss the appeal for the reason that no notice of appeal had been given, as required by Circuit Court Rule No. 11. This rule as amended reads as follows:

"In cases of appeal from a circuit court commissioner or the justice's court, the party appealing shall serve notice of the appeal upon counsel for the opposite party in the court below, if the opposite party had counsel in the court below, or if not, then such notice shall be served upon the opposite party personally or by mail in the manner provided for service upon attorneys by mail, within five days after the return on appeal is filed in the office of the county clerk."

The language is plain and easily understood. The provision therein for notice is mandatory. *Shrager* v. *Rich,* 242 Mich. 419. The filing of the return gives the court jurisdiction over the subject-matter in dispute, but until such notice is given the circuit court acquires no jurisdiction over the appellee. *Hosey* v. *Ionia Circuit Judge,* 120 Mich. 280.

In *Brockway* v. *Kent Circuit Judge,* 246 Mich. 490, the appellant served notice of retainer and also a copy of a demand for a jury, and a request that the case should be placed on the call of cases for the succeeding term, which had been filed with the clerk. The circuit court file number appeared on all of these papers. It was there said:

"The rule does not prescribe form of notice. Substantial compliance is sufficient."

And it was held that the papers served gave notice that the cause was in the circuit court.

The return of the justice on appeal in this case was not filed until July 5th. At the time of the service of the notice of retainer (July 3d), there was no such case pending in the circuit court. The purpose of the rule is to inform the appellee that the return on appeal has been filed with the county clerk. We cannot say that the notice of retainer, thus prematurely served, was a substantial compliance therewith.

The trial court entered an order dismissing the appeal. The writ of mandamus to require him to set aside such order is denied, with costs to appellee.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.