SCHEEL *v.* MUSKEGON CIRCUIT JUDGE.

1. JUSTICES OF PEACE—COURT RULE PROVIDING FOR SERVICE OF NOTICE OF APPEAL MANDATORY.

Circuit Court Rule No. 11, providing for service of notice of appeal from justice's court by personal service or mailing copy to opposite party within five days after return on appeal is filed in office of county clerk, is mandatory.

2. SAME—SERVICE OF NOTICE OF APPEAL ON OPPOSITE PARTY'S WIFE INSUFFICIENT.

Personal service of notice of retainer on plaintiff's wife, on appeal taken by defendants from judgment against them in

justice's court, was insufficient compliance with Circuit Court Rule No. 11, requiring service of notice on opposite party, to confer jurisdiction on circuit court, in absence of proof that wife was duly authorized by plaintiff to accept service of notice.

Mandamus by Anton H. Scheel to compel John Vanderwerp, Muskegon circuit judge, to dismiss an appeal from justice's court. Submitted December 10, 1929. (Calendar No. 34,630.) Writ granted January 24, 1930.

*Hinds & Kelly,* for plaintiff.

BUTZEL, J. Anton H. Scheel, as plaintiff, recovered a judgment for $241.10 damages, together with costs, against Robert T. Benefield and Anna Benefield, defendants, before a justice of the peace at Muskegon Heights, Michigan, on the 2d day of July, 1928. Four days later the defendants filed an affidavit and appeal bond and paid the necessary costs to appeal said cause to the circuit court. On August 6, 1928, the return of the justice of the peace was filed in the circuit court. Three days later the attorney for and on behalf of the defendants filed a notice of retainer directed to the plaintiff and appellee. No proof of service of said notice on the plaintiff was filed in said cause.

On June 24, 1929, Anton H. Scheel moved for the dismissal of said appeal for the reason that provisions of Circuit Court Rule No. 11 had not been complied with. The attorney for the defendants claimed that he had personally served the notice of retainer by handing it to Mrs. Scheel, the wife of plaintiff, within the prescribed time. There is no claim that it was served upon plaintiff himself. Mrs. Scheel denied that she was served with such notice.

Testimony was taken by the Hon. John Vanderwerp, circuit judge, respondent in the mandamus proceedings brought in this court to compel him to dismiss the appeal for lack of service in accordance with Circuit Court Rule No. 11. He held that the notice had been served on Mrs. Scheel, and this was sufficient.

Circuit Court Rule No. 11, providing for service on the opposite party within five days, is mandatory. *Shrager* v. *Rich,* 242 Mich. 419. While it was held in *Brockway* v. *Kent Circuit Judge,* 246 Mich. 490, that a substantial compliance so far as the form of notice is concerned would be sufficient, this does not dispense with service of such notice. Circuit Court Rule No. 11 provides for service personally or by mail. There is neither any proof or claim that Mrs. Scheel was duly authorized by her husband to accept service of notice. Assuming that Mrs. Scheel was served with the notice, it would not be a sufficient service on Mr. Scheel under the rule.

It is herewith ordered that a writ of mandamus issue unless within ten days from the time of filing this opinion the appeal is dismissed.

WIEST, C. J., and CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., took no part in this decision.