GOGEBIC NATIONAL BANK OF IRONWOOD *v.* GOGEBIC
CIRCUIT JUDGE.

1. Justices of Peace—Court Rule Requiring Service of Notice
   of Appeal Mandatory.
   Circuit Court Rule No. 11, requiring service of notice of appeal
   to circuit court from justice's court, while a harsh one, ·is
   mandatory.

2. Same—Appearance—Waiver—Failure to Serve Notice of Ap-
   peal May be Waived.
   Appearance in circuit court of appellee or his attorney waives
   failure of appellant to serve notice of appeal from justice's
   court, as required by Circuit Court Rule No. 11, unless such
   appearance is made specially for sole purpose of urging juris-
   dictional defense.

Mandamus by Gogebic National Bank of Iron-
wood, Michigan, to compel George O. Driscoll, Goge-
bic circuit judge, to set aside an order of dismissal of
an appeal from justice's court. Submitted Jan-
uary 14, 1930. (Calendar No. 34,479.) Writ granted
March 7, 1930.

*Charles M. Humphrey,* for plaintiff.

*Jones & Patek,* for defendant.

Butzel, J. The Gogebic National Bank of Iron-
wood, Michigan, as petitioner, has brought this man-
damus proceeding against Hon. George O. Driscoll,
Gogebic circuit judge, to have him set aside an or-
der of dismissal of an appeal from the justice court.
   One Moses John, as plaintiff, recovered a judg-
ment against petitioner before a justice of the peace

in the city of Wakefield, Gogebic county, Michigan. Within five days thereafter petitioner appealed the cause to the circuit court, which thus acquired jurisdiction of the subject-matter of the case. Petitioner failed to serve John or his attorney with notice of appeal in accordance with Circuit Court Rule No. 11. The circuit court, therefore, would not acquire jurisdiction over the appellee unless the service of notice was waived.

The case was listed on the printed calendar of the May, 1928, term of the circuit court. On the first day of the term, in accordance with the rule, the order of trials is arranged, motions are heard, etc. On that day the bank, as petitioner, orally moved the court for a continuance. The return of the circuit judge shows that Mr. Patek, attorney for John, the plaintiff in the justice court case, appeared and opposed the motion for a continuance. He filed no written notice of appearance, nor did he make any claim that the court had no jurisdiction. He did waive costs. The judge granted the continuance.

In December of the same year, the case was again reached, and, on a motion to dismiss on account of the failure of appellee to serve notice under Circuit Court Rule No. 11, an order of dismissal was entered.

The sole question before us is whether or not the appearance of John by his attorney was a waiver of the strict mandatory provisions of Circuit Court Rule No. 11. We have held that this rule, while a harsh one, is mandatory. *Shrager* v. *Rich*, 242 Mich. 419; *Livingston* v. *Saginaw Circuit Judge*, 247 Mich. 578; *Scheel* v. *Muskegon Circuit Judge*, 249 Mich. 397. However, the failure to follow the provisions of Circuit Court Rule No. 11 in regard to service on appellee may be waived by the appearance of defend-

ant or his attorney in a court proceeding, unless such appearance is made specially for the sole purpose of urging a jurisdictional defense. *Najdowski* v. *Ransford*, 248 Mich. 465. The attorney for John makes no claim that on the first day of the May, 1928, term he appeared specially for the purpose of having the case dismissed. He appeared in a general capacity to oppose a motion for continuance, and he did waive costs. It was not until almost seven months later that he made a motion to dismiss. We hold that, under the circumstances, there was a waiver of service as provided for by Circuit Court Rule No. 11.

The circuit judge is directed to set aside the order of dismissal within ten days from the time of filing of this opinion; otherwise, a writ of mandamus will issue. The petitioner will recover costs.

WIEST, C. J., and CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.