GOTFREDSON LAND CO. v. SHEVITZ.

1. COURT COMMISSIONERS—APPEAL TO CIRCUIT COURT—JURISDICTION OF SUBJECT-MATTER.

On appeal from judgment of circuit court commissioner, circuit court acquired jurisdiction of subject-matter on filing return.

2. Same—General Appearance—Waiver of Notice of Appeal—
Jurisdiction of Person.

   Service of notice of appeal and proof thereof under Circuit
     Court Rule No. 11 were waived by plaintiff's entry of general
     appearance, and court thereby acquired jurisdiction of person.

3. Same—Correction of Defective Affidavit on Appeal.

   Defendant should have been permitted to correct claimed defect
     in affidavit on appeal from judgment of circuit court com-
     missioner because notarized by defendant's attorney. (3 Comp.
     Laws 1915, § 12486).

Error to Wayne; Jayne (Ira W.), J.  Submitted
April 16, 1930.  (Docket No. 129, Calendar No.
34,141.)  Decided June 2, 1930.

Proceedings before circuit court commissioner by
Gotfredson Land Company, a Michigan corporation,
against Jacob Shevitz to recover possession of land.
Defendant brings error to review dismissal of ap-
peal to circuit court.  Reversed.

*J. Walter Dohany* and *Harold H. McLean,* for
plaintiff.

*Finkelston, Lovejoy & Kaplan,* for defendant.

Clark, J.  On motion, the trial judge dismissed
defendant's appeal from judgment of a circuit
court commissioner for two reasons, first—

\*   \*   \*   "there is no proof of a return of
service that a notice of appeal was filed within the
five days prescribed by rule"   \*   \*   \*

being Circuit Court Rule No. 11 (237 Mich. xxxiii)
as amended April 14, 1927, providing in cases of
appeal, such as this of service of notice of appeal
within five days after return on appeal has been
filed in the office of the county clerk, and, second—

\*   \*   \*   "for the further reason that it appears on
examination of the file from the circuit court com-

missioner that the affidavit on appeal is defective because it is notarized by one Nathan W. Kaplan who appears from numerous stipulations attached in the same return to have declared himself to be the attorney for the said Jacob Shevitz, the defendant.''

Defendant brings error.

1. The court acquired jurisdiction of the subject-matter upon filing of the return on appeal. Jurisdiction of the person would have been effected by service of the notice and proof thereof under the court rule. As plaintiff entered its general appearance in the cause in the circuit court, jurisdiction of the person was thereby acquired, and hence service of notice of appeal and proof thereof under the court rule were waived and rendered unnecessary. *Shrager* v. *Rich*, 242 Mich. 419; *Daines* v. *Tarabusi*, 246 Mich. 419; *Goodin* v. *Van Haaften*, 130 Mich. 386.

2. Appellee does not defend this holding. Appellant sought to correct the claimed defect. He should have been permitted to do so. 3 Comp. Laws 1915, § 12486; *Bradley* v. *Andrews*, 51 Mich. 100.

Reversed. Costs to defendant.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.