SHILLAIRE *v.* TURO.

1. JUSTICES OF THE PEACE—APPEAL TO CIRCUIT COURT—STATUTES.
In all counties of less than 500,000 population, appeals to the circuit court from justice's courts are required to be made in accordance with statutory provisions governing same (Act No. 314, chap. 78, § 2a, Pub. Acts 1915, as added by Act No. 132, Pub. Acts 1939; Court Rule No. 74 [1933]).

2. SAME—NOTICE OF FILING APPEAL—TIME—CURING DEFECTS.
While defect in a statutory notice as to filing of return on appeal from justice's court may be cured by the filing of an amended or new notice the notice is fatally defective where not served upon opposite party within five days after the filing of the return on appeal in the office of the county clerk (Act No. 314, chap. 78, § 2a, Pub. Acts 1915, as added by Act No. 132, Pub. Acts 1939).

3. SAME—APPEAL—JURISDICTION OF CIRCUIT COURT—SUBJECT MATTER—PERSONS.
The giving of a true copy, of the claim of appeal from justice's court to defendants' attorneys at the same time as plaintiff filed the claim of appeal with the justice of the peace review of whose judgment was sought gave jurisdiction of the subject matter to the circuit court but where statutory notice of filing of return on appeal was not given within five days after return was filed the circuit court did not acquire jurisdic-

tion over the persons of the defendants and there is no provision for the extension of time of such filing (Act No. 314, chap. 78, § 2a, Pub. Acts 1915, as added by Act No. 132, Pub. Acts 1939).

4. SAME—APPEAL—JURISDICTION OF CIRCUIT COURT—SPECIAL APPEARANCE.

   Defendants who entered a "special appearance" in circuit court for purpose of moving to dismiss plaintiff's appeal from justice's court did not thereby waive plaintiff's failure to comply with statute relative to service of notice of filing of return on appeal and cause the circuit court to acquire jurisdiction over them since such an appearance is not a general appearance (Act No. 314, chap. 78, § 2a, Pub. Acts 1915, as added by Act No. 132, Pub. Acts 1939).

Appeal from Oakland; Holland (H. Russel), J. Submitted February 15, 1944. (Calendar No. 42,536.) Decided April 3, 1944.

Assumpsit in municipal justices's court by George Shillaire, executor of the estate of Amedee Shillaire, deceased, against David F. Turo and others. Verdict and judgment for defendants. Plaintiff appealed to the circuit court. Defendants appeal in nature of certiorari and mandamus from denial of motion to dismiss. Reversed and remanded to circuit court with order to grant motion to dismiss.

*Edward N. Barnard,* for plaintiff.

*Estes & Cooney,* for defendants.

BUTZEL, J. On February 2, 1943, a judgment of no cause of action was rendered in a suit brought by plaintiff against defendants in the municipal court for the city of Pontiac, Oakland county, Michigan. Plaintiff on the 6th day of February, 1943, filed a claim of appeal with the justice of the peace and posted a cash bond for the sum of $50. On the same

day a true copy of the claim of appeal was mailed from Detroit to the attorneys for defendants and proof of service was duly filed with the justice. Plaintiff, however, did not at the time serve defendants with a copy of the affidavit and bond filed by him, together with notice of appeal within five days *after* the filing of the return on appeal in the office of the county clerk. The justice of the peace did not make his return until the 10th day of February, 1943, when the claim of appeal, proof of service and appeal bond were all duly filed by him in the circuit court for the county of Oakland. The claim of appeal as filed and served on defendants on February 6, 1943, bore the heading "Appeal to the circuit court for the county of Oakland from the municipal court for the city of Pontiac." On the 6th day of February, 1943, plaintiff by his attorney entered his appearance and a notice to that effect to attorneys for defendants was appended thereto. This was returned and filed in the circuit court by the justice on February 10, 1943. There is no claim made or proof of service that this latter notice dated February 6, 1943, was served on defendants. On March 19, 1943, defendants entered their special appearance in the case and gave notice thereof to attorney for plaintiff, and on the same day filed a motion to dismiss setting forth the failure of plaintiff to follow the provisions of the statute relative to appeals to the circuit court. On March 29, 1943, the circuit court denied the motion to dismiss and also entered an order permitting plaintiff to perfect the appeal so as to give proper notice as required by Act No. 314, chap. 78, § 2a, Pub. Acts 1915, as added by Act No. 132, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16224–1, Stat. Ann. 1943 Cum. Supp. § 27.3482 [1]), within five days from the signing of the order. On March 29, 1943, plaintiff filed a new notice of ap-

peal and served it together with copy of the affidavit and the bond on appeal upon the attorneys for defendants. Defendants on April 15, 1943, filed a motion to vacate the order entered on March 29, 1943, permitting plaintiff to perfect the appeal. On June 14, 1943, the court entered an order vacating and setting aside the order of March 29, 1943. On April 26, 1943, the court entered a formal order denying defendants' motion to dismiss. We granted leave to appeal in the nature of mandamus and certiorari.

Defendants claim that the court erred in not granting their motion to dismiss. They rely upon plaintiff's failure to follow the statute, Act No. 314, chap. 78, § 2a, Pub. Acts 1915, as added by Act No. 132, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16224-1, Stat. Ann. 1943 Cum. Supp. § 27.3482[1]), which reads as follows:

"In cases of appeal from a circuit court commissioner or the justice's court the party appealing shall serve a copy of the affidavit and bond filed by him together with notice of the date of filing of the return on appeal and a notice to the effect that the opposite party is required to enter his appearance in the circuit court within 20 days after the date of filing of the return on appeal upon counsel for the opposite party in the court below, if the opposite party had counsel in the court below, or if not, then such notice shall be served upon the opposite party personally or by mail in the manner provided for service upon attorneys by mail, within five days after the return on appeal is filed in the office of the county clerk. Unless the opposite party shall enter his appearance in the circuit court within said 20-day period he may be defaulted as in the case of service of summons issued originally from the circuit court."

Plaintiff, on the other hand, claims that there was a substantial compliance with the statute, and even

if there were defects in the appeal, they were properly amended and that this is permissible under 3 Comp. Laws 1929, § 14152 (Stat. Ann. § 27.846), which provides:

"No appeal shall be dismissed on account of any informality or imperfection in the bond, affidavit or other proceedings, for the taking of such appeal, if plaintiff shall either by amendment, or by furnishing a new bond, affidavit or other paper, supply the deficiency or defect."

Court Rule No. 74 (1933) provides that, in all counties of less than 500,000 population, appeals to the circuit court from justice's courts shall be made in accordance with the statutory provisions governing the same. This is a statutory appeal and even if the defects in the form of the notice could be cured by serving an amended or new notice containing a copy of the affidavit and bond and notice, such notice would be fatally defective because it was not served upon the opposite party within "five days after the filing of the return on appeal in the office of the county clerk." Appeals from the justice's court are statutory and while some liberality has been shown in permitting the curing of defects, we have adhered to the rule that the notice by appellant to the opposite party must be served within five days *after* the return on appeal is filed in the office of the county clerk. While jurisdiction in the instant case was conferred over the subject matter, it was never acquired over the persons of the defendants because no notice whatsoever was given within five days *after* the return on appeal was filed with the county clerk.

The statute contains no provision for an extension of time within which such service may be made by the court to which the appeal has been taken. In *Shrager* v. *Rich*, 242 Mich. 419, we construed former

Circuit Court Rule No. 11 (237 Mich. xxxiii), which also provided for service within five days after the return on appeal is filed in the office of the county clerk, and which in that respect is similar to section 2a of the act, hereinbefore quoted. We followed the rule set forth in *Hosey* v. *Ionia Circuit Judge,* 120 Mich. 280, wherein we stated:

"The statute requiring notice to the adverse party is mandatory, and, until the party is given such notice, the circuit court has no jurisdiction over the parties to the record."

A notice later than five days after the filing comes too late. Plaintiff, appellee, however, claims that he gave timely notice but the notice, deficient in form, was given four days prior to the filing of the return by the justice of the peace in the circuit court. At the time plaintiff gave the notice, there was no appeal pending. A very similar situation arose in *Livingston* v. *Saginaw Circuit Judge,* 247 Mich. 578, where the former Circuit Court Rule No. 11 was under consideration. We stated:

"The return of the justice on appeal in this case was not filed until July 5th. At the time of the service of notice of retainer (July 3d), there was no such case pending in the circuit court. The purpose of the rule is to inform the appellee that the return on appeal has been filed with the county clerk. We cannot say that the notice of retainer, thus prematurely served, was a substantial compliance therewith."

Plaintiff claims that *Gotfredson Land Co.* v. *Shevitz,* 251 Mich. 74, is authority for permitting a belated service of notice of appeal and proof thereof as required by former Circuit Court Rule No. 11, but we held that such service was waived by plaintiff's entering his general appearance so that the court thereby acquired jurisdiction of the person. We

further held that under the circumstances defendants should have been permitted to correct formal defects in the notice. Plaintiff claims that in the instant case, there was a general appearance by defendants. They entered a "special appearance" and the day they gave notice that they had caused their "special appearance" to be entered, in a motion to dismiss they stated that they had entered their appearance "specially." This was not a general appearance. *Woodliff* v. *Baker,* 279 Mich. 356.

Under the circumstances, we are constrained to hold that the trial judge was in error in not granting the motion to dismiss and the case is remanded to the circuit court with the order that the motion to dismiss be granted. Defendants will recover costs.

NORTH, C. J., and STARR, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.