WETZEL v. HOGOPIAN.

1. JUSTICES OF THE PEACE—APPEAL—STATUTES—COURT RULES.
   Statute requiring that one appealing from justice's court should
   serve a copy of the bond on appeal on the opposite party in
   addition to performing other acts incident to taking appeal
   was not abrogated by subsequently promulgated court rule
   which did not specifically require service of such paper,
   especially where court rule also provided that appellant should
   do any other act required by law (Act No. 314, chap. 78,
   § 2a, Pub. Acts 1915, as added by Act No. 132, Pub. Acts
   1939; Court Rule No. 76, §§ 4, 8, subd. [c] [1945]).

2. SAME—APPEAL—STATUTES—COURT RULES.
   A person deprived of lawful possession of his property should
   have an opportunity to see a copy of the bond and notice of
   the date of the filing of the return on appeal from justice's
   court to the circuit court as required by statute but court
   rule relative to such appeals which did not specifically make
   such requirement was not, because of such omission, incon-
   sistent with the statute (Act No. 314, chap. 78, § 2a, Pub.
   Acts 1915, as added by Act No. 132, Pub. Acts 1939; Court
   Rule No. 76, §§ 4, 8, subd. [c] [1945]).

Appeal from Wayne; Murphy (Thomas J.), J.
Submitted January 10, 1946. (Docket No. 67, Cal-
endar No. 43,228.) Decided March 4, 1946.

Summary proceedings in justice's court by
Leith B. Wetzel against Sam Hogopian and wife to
recover possession of land. Judgment for plaintiff.
Defendants appealed to circuit court. Motion to
dismiss denied. Motion to vacate order denying mo-
tion to dismiss denied. Plaintiff appeals. Reversed
and remanded for entry of order of dismissal.

*John J. Fish,* for plaintiff.

BUTZEL, C. J.   Plaintiff recovered a judgment of restitution in the justice court for the city of Dearborn, Michigan, on May 23, 1945.   Defendants promptly filed a claim of appeal and affidavit which was served upon plaintiff.   On June 6, 1945, the justice's return on appeal was filed with the county clerk.   No copy of the bond was served upon the plaintiff, nor was plaintiff given notice of the date of the filing of return on appeal, nor was he given notice to enter his appearance in the circuit court within 20 days after the date of the return on appeal within five days after the return on the appeal was filed, all of which is required by Act No. 314, chap. 78, § 2a, Pub. Acts 1915, as added by Act No. 132, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16224–1, Stat. Ann. 1945 Cum. Supp. § 27.3482 [1]).   On June 14, 1945, plaintiff-appellant by his attorney entered a special appearance in the circuit court for the purpose of moving to dismiss the appeal, and such motion was promptly filed.   The trial judge denied it as well as a motion to vacate the order denying the motion to dismiss.   Plaintiff appeals.

Defendants make no claim that they complied with the provisions of Act No. 314, chap. 78, § 2a, Pub. Acts 1915, as added by Act No. 132, Pub Acts 1939. They claim it was unnecessary in view of Rule No. 76 of the 1945 Michigan Court Rules now in force, section 4 of which provides:

"In case of appeals where leave to appeal need not first be obtained from such circuit court, the appellant shall do the following acts within the time limited for taking an appeal:

"(a) A claim of appeal in the form hereinafter provided shall be filed with the lower court, and upon such filing the circuit court shall be deemed vested with jurisdiction of said appeal and no ap-

peal shall thereafter be dismissed without notice to appellant.

"(b) A copy of such claim of appeal shall be served upon the opposite party or parties, or upon his or their attorney or attorneys of record, in the lower court, in any manner provided for service of papers upon attorneys. If anyone entitled to service did not appear in the lower court by attorney, he may be served in the same manner as provided for service by mail upon attorneys: Provided, however, that if the place of business or residence of neither party nor his attorney can be ascertained, service may be made by posting or publication in such manner and within such time as the circuit court shall by order direct."

Act No. 314, chap. 78, § 2a, Pub. Acts 1915, as added by Act No. 132, Pub. Acts 1939, is as follows:

"In cases of appeal from a circuit court commissioner or the justice's court the party appealing shall serve a copy of the affidavit and bond filed by him together with notice of the date of filing of the return on appeal and a notice to the effect that the opposite party is required to enter his appearance in the circuit court within 20 days after the date of filing of the return on appeal upon counsel for the opposite party in the court below, if the opposite party had counsel in the court below, or if not, then such notice shall be served upon the opposite party personally or by mail in the manner provided for service upon attorneys by mail, within five days after the return on appeal is filed in the office of the county clerk. Unless the opposite party shall enter his appearance in the circuit court within said 20-day period he may be defaulted as in the case of service of summons issued originally from the circuit court."

Does the above-quoted rule abrogate the above-quoted statute? The answer is no. They are not in conflict with one another. Referring to Court Rule

No. 76, § 8, par. (c) (1945), it is further provided that in all appeals the appellant shall also do any other act which may be required by law. We must assume that the legislature found it proper and necessary that a copy of the affidavit and bond be served upon the opposite party as provided in Act No. 314, chap. 78, § 2a, Pub. Acts 1915, as added by Act No. 132, Pub. Acts 1939. The instant case illustrates the wisdom of the rule. A person deprived of lawful possession of his property necessarily should have an opportunity to see a copy of the bond and notice of the date of the filing of the return on appeal. Provisions of law not abrogated or changed in regard to appeals from the justice's court must be observed. See *Hosey* v. *Ionia Circuit Judge,* 120 Mich. 280; *Shrager* v. *Rich,* 242 Mich. 419; *Livingston* v. *Saginaw Circuit Judge,* 247 Mich. 578; *Shillaire* v. *Turo,* 308 Mich. 405. There is no inconsistency between the rule and the statute. Plaintiff on appeal was obliged to do all acts required by law. He failed to do them.

The order of the trial court denying motion to dismiss is set aside and the case is remanded to the trial court to enter an order of dismissal. Plaintiff will recover costs in both courts.

CARR, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred.