MEYERS *v.* WILSON.

1. APPEAL AND ERROR—BELATED APPEAL—CIRCUMSTANCES BEYOND CONTROL OF CLIENT.

   Reliance upon an attorney who neglects to take an appeal seasonably is a circumstance beyond the control of the client, within the meaning of the belated-appeal statute (3 Comp. Laws 1929, § 16230).

2. SAME—BELATED APPEAL—NEGLECT OF ATTORNEY—CIRCUMSTANCES BEYOND CONTROL OF CLIENT.

   Where within two days from rendition of judgment against defendant in municipal court, an appeal to circuit court was filed, necessary financial arrangements to furnish required bond on appeal were made and defendant left other steps to be taken by his attorney but latter neglected to serve notice on plaintiff's counsel of date of filing return on appeal and for plaintiff to enter an appearance and no copy of an appeal bond was served on plaintiff's counsel, circuit court was not in error in granting belated appeal, since the nonaction of the attorney under such circumstances was beyond the control of the client (3 Comp. Laws 1929, § 16230; Court Rule No. 76, § 6 [1945]).

Appeal from Wayne; Ferguson (Frank B.), J. Submitted June 24, 1947. (Calendar No. 43,634.) Decided October 13, 1947.

Assumpsit by Peter Meyers against H. H. Wilson in municipal court for City of Dearborn. Judgment for plaintiff. Defendant filed motion for belated appeal. Plaintiff reviews order granting appeal by appeal in nature of certiorari and mandamus. Affirmed.

*Robert E. Wilcox,* for plaintiff.

*Fernand W. Miller,* for defendant.

NORTH, J.    In the municipal court of the city of Dearborn plaintiff brought suit against defendant and obtained a judgment for $450 and costs.    The respective parties were represented by counsel. Within proper time limits defendant sought to perfect an appeal to the circuit court of Wayne county. He complied with all procedural requirements except that (1) within the time limit defendant failed to serve notice on plaintiff's counsel of the date of filing the return on appeal in the circuit court and for plaintiff to enter his appearance within 20 days from the date of such filing, and (2) defendant failed to serve a copy of the appeal bond on plaintiff's counsel.    As to the statutory requirements, see Act No. 314, chap. 78, § 2a, Pub. Acts 1915, as added by Act No. 132, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16224–1, Stat. Ann. 1946 Cum. Supp. § 27.3482 [1]).*    Plaintiff's counsel promptly entered a special appearance in the circuit court and moved to dismiss the appeal on the ground of defendant's failure to conform to the required practice, as above noted.    The motion to dismiss was granted on August 26, 1946.    On August 29, 1946,

---

* "SEC. 2a.   In cases of appeal from a circuit court commissioner or the justice's court the party appealing shall serve a copy of the affidavit and bond filed by him together with notice of the date of filing of the return on appeal and a notice to the effect that the opposite party is required to enter his appearance in the circuit court within 20 days after the date of filing of the return on appeal upon counsel for the opposite party in the court below, if the opposite party had counsel in the court below, or if not, then such notice shall be served upon the opposite party personally or by mail in the manner provided for service upon attorneys by mail, within 5 days after the return on appeal is filed in the office of the county clerk. Unless the opposite party shall enter his appearance in the circuit court within said 20 day period he may be defaulted as in the case of service of summons issued originally from the circuit court."

defendant's counsel filed a motion in the circuit court for leave to appeal. Plaintiff's counsel opposed this motion in the circuit court; and the motion was denied September 19, 1946. Thereupon on September 23, 1946, defendant's counsel filed a motion to vacate the order denying defendant's motion for leave to appeal and to grant leave to appeal. This motion was opposed by plaintiff's counsel, but after hearing it was granted by the circuit judge, who filed a written opinion. The order granting leave to appeal was entered November 15, 1946. Plaintiff, having obtained leave from this Court so to do, has appealed from the order of the circuit court granting defendant leave to appeal from the judgment entered in the municipal court.

Appellant contends that one who attempts to perfect an appeal to the circuit court from an adverse judgment in justice court (or municipal court) within the statutory five-day period for seasonable appeals, and fails for technical reasons, is prohibited thereby from invoking 3 Comp. Laws 1929, § 16230 (Stat. Ann. § 27.3488), which provides for appeals by leave of the circuit court or a circuit judge at chambers after the expiration of five days. We know of no case wherein it has been so held. Instead under like circumstances and similar statutory provisions in various cases an appeal has been allowed. See *Merriman* v. *Jackson Circuit Judge,* 96 Mich. 603; *Russell* v. *H. Hutchins & Co.,* 219 Mich. 544; and *Schmid* v. *Wayne Circuit Judge,* 298 Mich. 499.

The authority to grant leave to appeal after the expiration of the five-day period, as was done in the instant case, is statutory. The pertinent portion of the applicable statute reads as follows:

"Appeals may be authorized by the circuit court, or by the circuit judge at chambers, after the ex-

piration of five days, when the party making the appeal has been prevented from taking the same by circumstances not under his control." 3 Comp. Laws 1929, § 16230 (Stat. Ann. § 27.3488).

In defendant's motion in the circuit for leave to appeal, the only recital bearing upon the fact as to whether defendant had "been prevented from taking the same by circumstances not under his control" reads:

"Because defendant filed a seasonable appeal from said judgment within two days from the rendition of the same but has been prevented from perfecting the same by circumstances not under his control and not due to appellant's culpable negligence."

The showing in support of 'this phase of the motion is an affidavit by defendant and that portion of an affidavit of defendant's counsel which reads:

"That deponent is convinced that this judgment (in the municipal court) is entirely unwarranted by the facts and testimony in the case, a miscarriage of justice, effects an unwarranted hardship upon the defendant, * * * and should be reviewed by the circuit court. * * *

"That deponent was absent from the city on a much needed vacation on August 15th and did not return until August 20th and thereby did not receive notice (from the clerk of the circuit court) of the filing of the return on appeal until after the five-day period within which the appellant is required to serve notice upon opposing counsel in accordance with the aforesaid statutory provision (Act No. 314, chap. 78, § 2a, Pub. Acts 1915, as added by Act No. 132, Pub. Acts 1939) relating to seasonable appeals; that deponent was thereby deprived of the opportunity of serving notice required in accordance with the statutory provision by circumstances

not under his control and not due to deponent's culpable negligence.''

Defendant's affidavit, on his motion for leave to appeal, in part is as follows:

"That immediately after the (municipal) court rendered judgment for plaintiff on August 1, 1946, deponent on the same date thereof instructed his said attorney to take an appeal to the circuit court of Wayne county and made the necessary financial arrangements to furnish the required bond on appeal.

"That he relied on his said attorney to take all necessary legal steps to perfect the said appeal and was in fact informed by his said attorney on August 5, 1946, that such necessary steps had been taken.

"That he received no notice of any kind that the return on appeal had been filed by the trial judge, had no knowledge that the same would be done or was necessary as he relied upon his said attorney to take care of all technical matters connected with said appeal.''

Defendant contends, that in view of the foregoing, the failure to fully perfect his attempted appeal within the statutory time limits resulted from circumstances not under his control and was not due to defendant's culpable negligence. The circuit judge held in accordance with defendant's contention, and in consequence granted leave to appeal under 3 Comp. Laws 1929, § 16230 (Stat. Ann. § 27.3488) above quoted.

Plaintiff has cited and quoted numerous decisions of this Court wherein it is held that compliance with the statutory provisions herein involved is mandatory. See *Shrager* v. *Rich*, 242 Mich. 419; *Livingston* v. *Saginaw Circuit Judge*, 247 Mich. 578. There is no intention to depart from our decisions of that

character. But such decisions did not involve the validity of the ruling of a circuit judge incident to granting an appeal after the expiration of the five-day period for which a special appeal provision is made in the above quoted statute (3 Comp. Laws 1929, § 16230 [Stat. Ann. § 27.3488]); whereas that is the precise question presented by the instant appeal. We do not overlook the following cases cited by plaintiff in support of his contention. *Goldhamer* v. *Wayne Circuit Judge,* 107 Mich. 259; *Stanton* v. *Wayne Circuit Judge,* 126 Mich. 715; and *Stock* v. *Wayne Circuit Judge,* 143 Mich. 339. But decision in each of these three cases turned upon provisions of local law applicable only in the city of Detroit, and further, in none of the three cited cases was the factual aspect comparable to that in the instant case. They are not at all controlling of the instant appeal.

The holding of the circuit judge was in accord with the following settled law in this State.

"An appeal from a justice may properly be allowed where the beaten party relied on his attorneys and they were honestly mistaken about the date of an adjournment, so that judgment was taken by default and they did not hear of it until the time for appealing had gone by." *Capwell* v. *Baxter* (syllabus), 58 Mich. 571.

"Reliance upon an attorney who neglects to take an appeal seasonably is a circumstance beyond the control of the client, within the meaning of the statute. The time for taking an appeal and the manner of taking it are matters without the knowledge of the lay citizen. He must rely on attorneys to do this work for him.   *   *   *   The client has a right to rely on them, and when, without his fault or default, they neglect to appeal from a judgment which he desires to have reviewed, it is a circumstance not

under his control, within the meaning of the belated appeal statute. * * *

"An attempted distinction is made between that case (*Capwell* v. *Baxter,* 58 Mich. 571) and the case at bar, because there the failure of the attorneys was due to an honest mistake, and here it was plain neglect. We see no distinction. In both instances the action or nonaction of the attorneys was beyond the control of the client." *Frank* v. *Union Trust Co.,* 239 Mich. 646.

"The question is whether, under Court Rule No. 57, § 2 [1931] (for present rule see Michigan Court Rules [1945], Rule No. 76, § 6), a party is guilty of 'culpable negligence' where he intrusts his case to an attorney, relies on him, and the negligence is solely that of the attorney. For reasons which are sufficiently set up in *Frank* v. *Union Trust Co.,* 239 Mich. 646, the answer is in the negative.

"The order denying leave to appeal will be set aside and leave granted." *Carras* v. *Bungalow Sandwich Shoppe Co.,* 257 Mich. 467.

The order appealed from is affirmed, with costs to appellee.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.