## Peter McCaslin v. John Camp.

*Jurisdiction: Appearance: Waiver.* A party who appears for the purpose of applying to have proceedings set aside for want of jurisdiction, waives nothing by such appearance, and may bring error upon the judgment founded on such proceedings.

*Notice: Proof of service: Copy.* Service of notice cannot be proved by an affidavit or return showing its substance or purport; there must be a copy of the notice sworn to or officially certified, so that the court may judge for itself of its form and sufficiency.

*Justice's judgment: Application for leave to appeal: Jurisdiction.* Where the time has expired for appealing from a justice's judgment, an application to the circuit court for leave to appeal, is a special proceeding materially affecting legal rights; and the court cannot proceed without obtaining jurisdiction over the judgment creditor, as in other legal proceedings.

*Notice: Service.* This only can be done by personal service of the notice required, and not by mail.

Whether a substituted service could be had in case no other is possible, without some statute to authorize it:— *Quære ?*

*Rule construed: Notice: Service by mail.* The court rule (103) providing for notice in these cases as in case of special motions, applies only to time, and not to manner of service. Service by mail is never lawful, except when there has been a general appearance.

*Notice: Time.* Four days is the shortest time of notice allowable on ordinary special motions (except where the time has been shortened in cases already in court), and a longer time is necessary when service is made at a distance.

*Application for leave to appeal: Practice.* In applications for leave to appeal, an order to show cause is the better practice, so that the court can see that the hearing shall be put forward long enough to give the judgment creditor ample time to prepare to show cause against the motion; where a judgment is to be disturbed, the utmost fairness should be required of the party complaining of it.

*Affidavits: Attorneys.* It is improper for attorneys to administer affidavits in their own causes.

*Heard January 10.    Decided January 14.*

Error to Kent Circuit.

*H. Wright,* for plaintiff in error.

*Taggart & Allen,* for defendant in error.

CAMPBELL, J.

McCaslin having obtained a judgment against Camp in a justice's court, and the time for appealing having expired, leave was granted Camp, by the circuit court of

Kent county, to take an appeal, under *section 5438, Comp. L. of 1871,* on account of his having been prevented from taking it by circumstances not under his control.

The petition was sworn to on the 15th of April, 1872, before Camp's attorney. Upon the 22d day of April, 1872, affidavit was made by the attorney, that on the 19th day of April he mailed a copy of the petition and of an affidavit of O. H. Simonds, to McCaslin, in the post-office at Grand Rapids, directed to the latter at Middleville, in Barry county, and that there was attached to the petition and affidavit a notice that they would be presented to said court on Monday, March 22d, at ten o'clock in the forenoon, or as soon thereafter as counsel could be heard, and that a motion would be then made that the prayer of said petition be granted. No copy of the notice was set out.

The court granted the appeal, and refused a subsequent motion to rescind; and subsequently granted judgment against plaintiff, as in case of non-suit.

Several errors are assigned, mainly relating to the jurisdictional proceedings, which are not waived by an appearance made merely to set the order aside for want of jurisdiction.

The petition set forth reasons which were within the statute; as the appellant swore that he had no notice of the judgment until the time for appealing was past, and that he had good reason to suppose the case had been postponed.

There was no proper evidence that any notice had been sent at all. Such a notice can only be properly proved by a sworn or officially certified copy. It is analogous to process, and in such a case as this is exactly equivalent to it; and it is not sufficient to state to the court any mere allegation as to its substance. The court cannot properly act without knowing precisely what notice was served. If we could look into the subsequent motion made to vacate this

order, we should find, in the notice which was actually served, reasons why it should have been proved by an exact copy.

But there was no proper service of any notice whatever. This was indispensable. McCaslin had obtained a judgment which could only be assailed by an original proceeding in the circuit court. The application for the allowance of an appeal, although not a regular suit or action, is nevertheless a special proceeding materially affecting the legal rights of a judgment creditor, who has never been brought before within the jurisdiction. The court cannot, therefore, obtain authority to assume any control over him, except in the same way in which it can get control over other respondents. This must always be by personal service, unless there are circumstances of necessity, which would authorize a substituted service, to save the rights in question. Whether this could be had without statutory authority, we need not now consider, as no such service has been provided for by any existing rule. The rule of the circuit court practice, which allows these notices to be the same as on special motions, refers to the time of service. There is no rule of court authorizing service by mail, of any papers, in cases, or upon persons, not already before the court, and subject to its complete jurisdiction. There can be no mail service on parties or attorneys who have not appeared generally in the cause before the circuit court, and are not already in court.

It would be improper to permit an inference that the service actually made, would have been proper under any circumstances. There is nothing to show that there was even a probability that it was likely to enable the person served with it, to appear in time to be heard. He lived in another county, and a considerable distance. The notice was mailed on Friday, but whether during the day, or in

the evening, does not appear. It required McCaslin to appear in Grand Rapids, at ten o'clock on Monday morning. So much of Saturday, if that was a mail day, as would intervene after the arrival and distribution of the mail,—if he had been at the post-office waiting for it (which can hardly be expected of a farmer living some miles off),—would be the only period left him for preparation, except Sunday. It would be very unfair to hold such a notice as reasonable or proper, had there been no legal objection to its sufficiency.

The rules of court contain no provisions concerning the time of notice on special motions, and where the time has not been shortened (which can only be proper in cases actually pending in court, and where the jurisdiction is complete), the general, established practice recognizes four days as the usual time for all except a few peculiar motions, if any notice is to be given at all. A longer notice is needed where the service is for a distant point.

In cases such as this, it has not been unusual to obtain an order to show cause; when the court should see that abundant time is allowed to enable the party, after service, to prepare for the hearing, so as to make such showing as is needed, if he has any answer to the motion. The applicant who seeks to disturb a judgment after his legal right is gone, should be held to perfect fairness.

It is also proper to say, that affidavits should not be taken before attorneys in the cause. We are not required, for the decision of this cause, to decide whether they are any more than irregular.

The judgment must be set aside, and the appeal dismissed, with costs of this court.

The other Justices concurred.