HOSEY *v.* IONIA CIRCUIT JUDGE.

1. APPEALS FROM PROBATE COURT — FILING OF RECORD—DELAY—DISMISSAL.

    3 How. Stat. § 6782, requiring persons appealing from probate court to file in the circuit court, within 30 days, proof of service on the adverse party of notice of the appeal according to the order of the probate court, and providing that, upon failure to do so, the order appealed from shall stand as though no appeal had been taken, unless the circuit court shall, upon application made within the first 10 days of the succeeding term, reinstate such appeal on a showing that appellant was prevented from perfecting the same by circumstances not under his control,— is mandatory, and, where appellant fails to comply with its provisions, the circuit judge is bound, upon motion, to dismiss the appeal.

2. SAME—NOTICE—SUFFICIENCY OF SERVICE.

    Where an order allowing an appeal from probate court requires notice to be given to certain persons "by delivering to them a certified copy of said order," personal service upon each is necessary, and service by mail is insufficient.

*Mandamus* by Julia Hosey and others to compel Frank D. M. Davis, circuit judge of Ionia county, to dismiss an appeal from probate court. Submitted May 2, 1899. Writ granted May 23, 1899.

*V. H. & H. H. Smith* and *Allen B. Morse,* for relators.

*Chaddock & Scully* ( *George E. Nichols,* of counsel ), for respondent.

LONG, J.   Motion was made in the Ionia circuit court to dismiss an appeal from the allowance of a will by the probate court of that county, on the ground that no personal service was made on James Hosey, one of the heirs at law.   It appears that the probate court allowed the appeal, and ordered notice to be given to Frank, Nicholas,

James, and Julia Hosey "by delivering to them a certified copy of this order  *  *  *  within 30 days from the date of the order." This notice was personally served on all the parties except James Hosey. The claim of appeal was filed March 25, 1898. On November 7th a motion was made to dismiss the appeal, on the ground, among others, that no sufficient service of notice was made on James. On November 12th proof was filed that the order was sent to James by mail. This proof consists of the affidavit of Elizabeth Abbott, which recites that on April 5, 1898, she "served a true and compared copy of the annexed notice and order allowing appeal upon James Hosey,  *  *  *  by depositing the same in the post-office at the city of Ionia, Michigan, plainly addressed to 'James Hosey, St. Joseph, Michigan,'—that being the last place of residence of said James Hosey,—and with full legal postage prepaid." The court below refused to dismiss the appeal, but made an order granting the parties 30 days' additional time to make the proper personal service on James Hosey. *Mandamus* is asked to compel the circuit judge to vacate this order and dismiss the appeal.

The service made was not in compliance with the order of the probate court, which required personal service upon all the parties named. The statute (3 How. Stat. § 6782) requires that:

"The person appealing shall procure and file in the circuit court to which the appeal is taken, within thirty days after such appeal is taken, a certified copy of the record or proceedings appealed from, of the notice of and reasons for such appeal, and of the bond on appeal filed in the probate court, and of the order of the probate court directing notice to the adverse party, together with evidence that notice has been given to the adverse party according to the order of the probate court. And in case the record herein required to be filed in the circuit court shall not be filed in such court within the time herein directed, such appeal shall cease to be of effect, and the order or decree so appealed from shall stand as though such appeal had not been taken:  *  *  *  *Provided,* that the circuit

court to which the appeal is taken shall have power, upon application within the first ten days of the term of court next succeeding the expiration of the said thirty days for filing said certified copy, to reinstate said appeal, when the party making the appeal has been prevented from perfecting the same by circumstances not under his control."

There was no application to reinstate the appeal. Two terms of court had passed from the time the order for the appeal was made before motion was made to dismiss, and during that time no personal service was made on James Hosey. The statute requiring notice to the adverse party is mandatory, and, until the party is given such notice, the circuit court has no jurisdiction over the parties to the record. *Merriman* v. *Jackson Circuit Judge,* 95 Mich. 277. The order made by the probate court required personal service. The notice by mail was not sufficient notice. In *McCaslin* v. *Camp,* 26 Mich. 392, it was said:

"There is no rule of court authorizing service by mail of any papers in cases or upon persons not already before the court, and subject to its complete jurisdiction. There can be no mail service on parties or attorneys who have not appeared generally in the cause before the circuit court, and are not already in court."

The statute directs that the probate court shall make an order directing the notice to the adverse party, but it also requires that proof of the same shall be filed in the circuit court within 30 days after the appeal is taken.

A very different question would have arisen had an application been made to the circuit court for leave to perfect the appeal, and a showing made that the party making it had been prevented from perfecting it by circumstances not under his control; but no claim of that kind is made.

The writ must issue as prayed.

The other Justices concurred.