PREFERRED AUTOMOBILE INSURANCE CO. v. OAKLAND
CIRCUIT JUDGE.

1. Process—Jurisdiction—Manner of Process is Statutory.
The manner of .securing jurisdiction over the person of a defendant by the service of process is statutory.

2. Insurance—Jurisdiction—Process.
A judgment in the Oakland county circuit court against a domestic automobile insurance company, whose business office is located in Kent county, was void for want of jurisdiction, where process was served on an officer of the company at its business office in Kent county; said service not being authorized by section 12340, 3 Comp. Laws 1915.

3. Mandamus—Proper Remedy to Compel Vacation of Void Judgment and Execution Thereunder.
Mandamus is a proper remedy to compel the vacation of a void judgment and to set aside execution issued thereunder; no question of discretion being involved.

Mandamus by Preferred Automobile Insurance Company, a Michigan corporation, to compel Frank L. Covert, Oakland circuit judge, to grant a motion to vacate a judgment and set aside an execution. Submitted April 2, 1929. (Calendar No. 34,148). Writ granted June 3, 1929.

*Rodgers & Dunn,* for relator.

*Clark C. Coulter* and *Victor H. Hampton,* for respondent.

Sharpe, J. A writ of summons, issued out of the circuit court for the county of Oakland by William J. Law, assignee of Edward R. O'Neill, plaintiff, on January 26, 1928, was served upon the vice presi-

dent of the plaintiff company at the city of Grand Rapids, in the county of Kent, the location of its business office. The default of the plaintiff herein was duly entered and judgment rendered on May 1, 1928. An execution was issued thereon on September 15, 1928. Plaintiff herein, on being informed of such fact, appearing specially for the purpose, entered a motion to set aside the execution and vacate the judgment, for the reason that the court was without jurisdiction to render it. Plaintiff here seeks review by mandamus of defendant's order denying such motion.

Section 12340, 3 Comp. Laws 1915, reads as follows:

"Suits may be commenced against   *   *   * domestic insurance companies   *   *   * having for their object insurance against   *   *   * accident *   *   * or any form of risk whatever;   *   *   * in the circuit court of any county in this State, in which the plaintiff resides, and in which such company is authorized to issue policies, or take risks."

This section is but a re-enactment in substance of section 4360, 1 How. Stat., and section 10444, 3 Comp. Laws 1897. In both of these compilations it was followed by a section reading as follows:

"Such suits may be commenced by declaration or by writ, which may be served upon any agent of such company or association, residing or found within the county by the sheriff of the county where the suit is brought, or by the sheriff of any county where an agent may be found, or by the sheriff of the county where the principal office of such company or association is located."

Both sections were re-enacted without material change by Act No. 51, Pub. Acts 1901. The right to make service thereunder was sustained by this

court in *Miner* v. *Benefit Ass'n,* 63 Mich. 338, and in *Monger* v. *New Era Ass'n,* 145 Mich. 683.

In the judicature act, from which section 12340, 3 Comp. Laws 1915, is taken, the second section, providing for the manner of service, is omitted. Section 12436, 3 Comp. Laws 1915 (said to be a new section), provides:

"In all cases of domestic or foreign insurance companies, fraternal, co-operative and mutual beneficiary societies, orders or associations, and in all other cases where it is required by law that any company, society, order or association, shall appoint in writing the commissioner of insurance, the secretary of State, or any other officer of this State, as their agent or attorney, upon whom all legal process in any action or proceeding may be served, if such appointment shall have been made, service of process shall be made upon such officer. In cases against fire and marine insurance companies service of process may be made in the manner herein provided or in any other manner permitted by law."

In a note to the compilation of 1915 it is said that this section "supersedes and merges" section 10445 of the compilation of 1897, above quoted.

We have looked in vain to find any statute requiring a corporation, such as plaintiff apparently is, to appoint an agent upon whom process may be served. The insurance code (Act No. 256, Pub. Acts 1917, Comp. Laws Supp. 1922, § 9100 [1] *et seq.*) requires such an appointment to be made by foreign companies desiring to do business in this State (part 2, chap. 2, § 4, Comp. Laws Supp. 1922, § 9100 [69]), and by fraternal beneficiary societies (part 3, chap. 4, § 17, Comp. Laws Supp. 1922, § 9100 [205]). The omission to include domestic corporations such as plaintiff renders this section inapplicable.

Counsel for the defendant urge that the court is given jurisdiction over the plaintiff by section 12340, 3 Comp. Laws 1915, and, in the absence of statutory provision, it has, by necessary implication, the right to cause its process to be served on an officer of the corporation in another county, as was done. The manner of securing jurisdiction over the person of a defendant by the service of process is statutory. The merits of this action could be as well disposed of in the county of Kent, where defendant maintains its office, as in the county of Oakland. We must assume that, by omitting the provision for service of process issued under section 12340, 3 Comp. Laws 1915, the legislature intended to render it operative only as to companies required to appoint an agent, or to cases in which proper service could be had in the county in which the process was issued. The judgment was void for want of jurisdiction in the court to render it.

It is urged that mandamus is not the proper remedy. The execution issued must be set aside as well as the judgment vacated. No question of discretion is involved. Mandamus may be resorted to for such a purpose. *Palazzolo* v. *Judge of Superior Court*, 234 Mich. 547.

If necessary, the writ will issue, with costs against the plaintiff in the action.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.