DEFOE *v.* WAYNE CIRCUIT JUDGE.

1. Process—Prescribed by Law.
    Service of process may be made only in manner prescribed by law.

2. Partnership—Process—Only Partners May be Served.
    Service of process on partnership may not be had by serving its agent, but only copartners may be served.

3. Same—Statutes.
    3 Comp. Laws 1915, § 12432, providing for service of process on corporations, partnership associations, or unincorporated voluntary associations by leaving copy of process with agent in office of such entities, does not apply to partnerships.

Mandamus by Harry J. Defoe and Frederick W. Defoe, copartners doing business as Defoe Boat & Motor Works, to compel Clyde I. Webster, Wayne circuit judge, to quash service of process in suit brought against plaintiffs by Howard C. Rose. Submitted October 7, 1930. (Calendar No. 35,105.) Writ granted December 2, 1930.

*Hewitt & Brooker* (*F. W. Defoe,* of counsel), for plaintiffs.

*Frederick E. McCain,* for defendant.

Butzel, J. Howard C. Rose of Grosse Pointe, Michigan, desired to charter a yacht for the summer season of 1929. He wrote to Cox & Stevens, Inc., yacht brokers and marine engineers, of New York City, and they submitted to him a list of yachts available for charter purposes. He was not satisfied with any of them. Thereupon they submitted specifications of another yacht, the ''Crœsus,'' belonging to Harry J. Defoe and Fred W. Defoe, copartners, doing business under the name of Defoe Boat & Motor Works at Bay City, Michigan. The negotiations on the part of Cox & Stevens, Inc., were referred to the manager of their Detroit office. Rose went to Bay City to inspect the ''Crœsus,'' made his final arrangements with the Defoe firm, the charter party was drawn, sent to the Detroit office of Cox & Stevens, Inc., who secured Rose's signature, and also his check for the charter money, and were paid a brokerage fee by the Defoe firm. The contract provided that:

''In case of any accidents or disaster the charterer shall give the owner or his agents, Cox & Stevens, Inc., prompt notice of the same.''   ·

On account of some differences that arose between Rose and the Defoe firm, the former began suit against the latter by filing a declaration with the rule to plead indorsed thereon in the Wayne circuit court. Instead of serving a copy of the declaration on either Harry J. Defoe or Fred W. Defoe, who constitute the copartners of the Defoe Boat & Motor Works, it was served on the Detroit manager of Cox & Stevens, Inc., on the theory that Cox & Stevens, Inc., was the agent of Defoe Boat & Motor Works and process might be served on a copartnership by serving its agent. Motion was made to quash this service on the ground that a copartnership cannot be served in this manner. The motion was denied. Thereupon Harry J. Defoe and Fred W. Defoe, copartners as aforesaid, petition in this court for a writ of mandamus directing the circuit judge to set aside and quash the service.

Service of process may only be made in the manner prescribed by law, which does not authorize the service of process upon a copartnership by serving its agent. Only the copartners may be served. Respondent seems to rely on section 12432, 3 Comp. Laws 1915, providing for service against corporations, partnership associations, or unincorporated voluntary associations by leaving a copy of the process with the agent in the office of such entities. This statute does not provide for service of process on a copartnership. As there was no service on either of the copartners, it was of no force or effect and should be quashed and set aside.

It is unnecessary to discuss the question of whether Cox & Stevens, Inc., were agents of the copartnership or merely its brokers, or whether their Detroit office was an office of the copartnership.

The writ of mandamus will issue unless an order setting aside and quashing the service is entered within ten days from the time of filing of this opinion.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.