*In re* WILKIE'S ESTATE.
CAMP *v.* CAMP.

1. COURTS—APPEAL FROM PROBATE TO CIRCUIT COURT—NOTICE—STATUTES—JURISDICTION.

The statute relative to manner of service of notice of appeal from the probate court to the circuit court is mandatory and affects the jurisdiction of the circuit court (Act No. 288, chap. 1, § 40, Pub. Acts 1939).

2. SAME—SERVICE OF NOTICE OF APPEAL FROM PROBATE TO CIRCUIT COURT—JURISDICTION.

Where service of notice of appeal from the probate court to the circuit court is not made on an adverse party in compliance with the order of the probate court respecting such service, the circuit court has no jurisdiction over the parties (Act No. 288, chap. 1, § 40, Pub. Acts 1939).

3. SAME—NOTICE OF APPEAL—SERVICE BY MAIL.

Service by mail of notice of appeal from the probate court to the circuit court is not sufficient notice to adverse party where probate court ordered that personal service be made, irrespective of whether or not such mail was received (Act No. 288, chap. 1, § 40, Pub. Acts 1939).

4. SAME—APPEAL FROM PROBATE TO CIRCUIT COURT—JURISDICTION—SERVICE OF NOTICE.

It is the service of the notice of appeal from the probate court to the circuit court which gives jurisdiction to the circuit court over the person of the adverse party and proper service is necessary to confer jurisdiction (Act No. 288, chap. 1, § 40, Pub. Acts 1939).

5. PROCESS—SERVICE—STATUTES—COMMON LAW.

The method prescribed by statute for the service of process must be followed where a method is prescribed by statute, especially where such manner is a departure from the common law.

6. COURTS—APPEAL FROM PROBATE TO CIRCUIT COURT—SERVICE OF
    NOTICE BY MAIL—WAIVER.

  The refusal of a party upon whom service of notice of appeal
    from probate court to circuit court was made by mail to ac-
    cept service received in such manner did not constitute a
    waiver, especially where statute requires that waiver of such
    notice be in writing and filed in the circuit court (Act No. 288,
    chap. 1, § 40, Pub. Acts 1939).

7. NOTICE—PERSONAL SERVICE—SERVICE BY MAIL.

  Personal service and service by mail are not one and the same
    method of service of a notice required to be served in order to
    give a court jurisdiction (Act No. 288, chap. 1, § 40, Pub.
    Acts 1939).

BUTZEL, C. J., and REID, J., dissenting.

Appeal from Wayne; Brennan (John V.), J.   Sub-
mitted January 8, 1946.   (Docket No. 10, Calendar
No. 43,186.)   Decided April 1, 1946.

In the matter of the estate of John F. Wilkie, de-
ceased.   Will admitted to probate and James C.
Camp appointed executor.   Executor appealed to
circuit court from order fixing amount of bond.
Essie I. Camp and Flossie O. Vollendorf appeal from
denial of their motion to dismiss appeal to circuit
court.   Reversed and appeal to circuit court dis-
missed.

*Wilfrid L. Burke,* for appellants.

*William S. McDowell,* for appellee.

REID, J. (*dissenting*).   The dispute involved in this
appeal is over the sufficiency of the service of notice
of appeal from probate court to circuit court.   Ap-
pellants Essie I. Camp and Flossie O. Vollendorf,
who are the only heirs and legatees of deceased, filed
their motion in circuit court to dismiss the appeal

from probate court. The circuit judge held the service of notice of appeal sufficient and denied the motion to dismiss the appeal. From the order of the circuit judge denying their motion to dismiss, appellants take their appeal to this court in the nature of certiorari and mandamus.

There was a showing before the probate judge that the deceased left real estate of the value of $7,800 and personal property of the value of $3,500. On May 23, 1945, the probate court appointed James C. Camp, the executor designated in the will, as executor, but fixed his bond at $100,000, with a requirement that "the expense of the bond be his expenditure." James C. Camp appealed to the circuit court from that part of the probate order fixing the amount of the bond. On June 6, 1945, the probate judge ordered as follows:

"It is ordered that said appeal be and the same is hereby approved, and that said appellant give notice of said appeal and of the hearing thereof in said circuit court to Flossie O. Vollendorf and Essie I. Camp, the adverse parties, by personal service upon them or their attorney of record of a copy of said claim of appeal."

Failure to comply with this order would require dismissal of the appeal. See Act No. 288, chap. 1, § 40, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289–1[40], Stat. Ann. 1943 Rev. § 27.3178[40]); also, Court Rule No. 75, § 4(b) (1945).

On June 14, 1945, William S. McDowell, attorney for James C. Camp, mailed to Wilfrid L. Burke, attorney, a copy of claim of appeal from the order of the probate court of May 23, 1945. McDowell made an affidavit to that effect and attached a photostatic copy of the letter of transmittal of the claim of appeal and a photostatic copy of a reply to the letter enclosing the notice of appeal, which reply was

written by Wilfrid L. Burke, the attorney, dated June 15, 1945, returning McDowell's letter. The letter from McDowell to Burke, dated June 14, 1945, is as follows:

"Enclosed herewith find copy of appeal from the order of the probate court of May 23, 1945, in the estate of John F. Wilkie, deceased. As stated yesterday, it might be well if you entered a general appearance in said estate for your client, Essie I. Camp.

"I will endeavor to have personal service of said appeal made upon Mrs. Vollendorf."

The reply by Wilfrid L. Burke, dated June 15, 1945, and addressed to attorney McDowell, is as follows:      •

"I am returning herewith claim of appeal in the above cause. Since no appearance has been filed in said cause which would make me 'attorney of record' for either Mrs. Camp or Mrs. Vollendorf, I cannot accept service for either of them. Personal service pursuant to the court order should be made on these two ladies."

The record discloses that on March 14, 1945, attorney Burke wrote to an attorney, Raymond LaBar of Detroit, as follows:

"Your client, Mr. James Camp, was named executor in the will of Mr. Wilkie, who recently died. Mrs. Camp and her sister prefer that some one else act in his stead. I am therefore enclosing a declination to act, and ask that you obtain his signature for us."

On May 22, 1945, attorney Burke swore to and filed in the probate court an affidavit which in part is as follows:

"Wilfrid L. Burke, being duly sworn, deposes and says that he is attorney for the petitioner and the

two legatees named in the will of the deceased. Deponent further says that he served a true copy of the attached notice upon Essie I. Camp and Flossie O. Vollendorf, the sole legatees and sole heirs at law of John F. Wilkie, deceased, on March 31, 1945.''

Attorney Burke in his letter returning the notice mailed to him says that he is not the attorney of record for either Mrs. Camp or Mrs. Vollendorf. However, his filing of the above affidavit in which he recites that he is attorney for the ''two legatees named in the will of deceased,'' who are Mrs. Camp and Mrs. Vollendorf, and who are also the appellants whom he represents on this appeal, stands as a record in the probate court that he was such attorney, at least on May 22, 1945. On June 14, 1945, when the notice was mailed, there was no indication to the probate court nor to Mr. McDowell, the attorney for Mr. Camp, that Mr. Burke no longer represented the two parties in question. While Mr. Burke denied in the circuit court that he was the attorney of record at the time he received the notice, he makes no point of such claim in his statement of questions involved on this appeal. Under all the circumstances, we conclude that he was attorney of record for the appellants in probate court at the time he received the notice by mail. There remains only the question whether the service upon him was sufficient. It plainly appears that Mr. Burke, a practicing attorney, personally received the notice in question, that he personally knew the contents, purport, tenor and substance of the notice. It is not questioned that the notice was in writing and sufficient in form.

''Delivery of notice of an intention not to abide by an award of the industrial accident commission, sent through the registered mails, and actually de-

livered to defendant in person is giving of notice by 'personal service' within Vernon's Ann. Civ. St. Supp. 1918, art. 5246-44, requiring such notice as condition precedent to action in the district court." *Hood* v. *Texas Employers' Ins. Ass'n* (Tex. Civ. App.) (syllabus), 260 S. W. 243.

"The delivery of the bill of exceptions to said attorneys by Wells Fargo & Co. made the service a personal service.   *   *   *   'The delivery of the notice through such agency (Wells Fargo & Co.) renders the service personal, and the proof of such delivery establishes a personal service.' *Heinlen* v. *Heilbron,* 94 Cal. 636, 640 (30 Pac. 8)." *Kramm* v. *Railroad Co.,* 22 Cal. App. 732 (136 Pac. 523, 528).

See, also, *McKenna* v. *State Ins. Co. of Des Moines,* 73 Iowa, 453 (35 N. W. 519), in which case the court construed a statute which provided, "such notice may be served either personally, or by registered letter addressed to the insured at his post-office address, named in or on the policy," in reference to which statute the court says, at p. 520:

"If the plaintiff's position is correct, that the service by mail is not made until the actual delivery of the notice to the insured, then that service would be *personal service,* and it would follow that the provision for service by mail is superfluous."   (Italics supplied.)

Our decision in *Hosey* v. *Ionia Circuit Judge,* 120 Mich. 280, is not controlling of the instant case, but instead is plainly distinguishable. In that case the only proof of service was that the notice of appeal was properly mailed to James Hosey; *but there was no proof that he received the notice so mailed.* Seemingly for that reason it was properly held that mere mailing did not constitute personal service. But in the instant case the attorney of record for the appellants in this court admitted he received, read

and understood the notice of appeal which was sent to him through the mail. This fact stands undisputed in the record. Under such circumstances the service should be held to be good as personal service upon the attorney.

In the case of *Sokup* v. *Davis' Estate,* 206 Mich. 144, cited in the opinion of Mr. Justice Boyles, the defect in service pertained to the time limited for service, and is no authority on the proposition in dispute in the instant case, that the service became personal service when the recipient personally and understandingly received the written notice.

The notice in the instant case was complete. Our attention has not been directed to any decision holding that when a party or an attorney of record personally receives written notice, he is not considered as personally served.

The order appealed from should be affirmed. Costs to the appellee.

Butzel, C. J., concurred with Reid, J.

Boyles, J. I do not concur in holding that a service of notice by mail is "personal" service. The attempted "personal" service on the attorney by mailing him a copy of the notice of appeal was not accepted, but on the contrary was promptly refused and the party seeking to appeal was advised to make personal service pursuant to the court order. This was not done and the motion to dismiss the appeal should have been granted.

The statute (Act No. 288, chap. 1, § 40, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 16289-1 (40), Stat. Ann. 1943 Rev. § 27.3178 (40)]) governing appeals from probate court to the circuit court is as follows:

"The appellant shall give notice of such appeal to the adverse party or parties with his reasons there-

for, in such manner as the probate court shall direct, within 20 days from the date of the order directing the manner of such service, unless the adverse party or parties shall in writing, filed in the circuit court, waive such notice.''

The probate court order directing the manner of service was as follows:

''It is ordered  *  *  *  that said appellant give notice of said appeal and of the hearing thereof in said circuit court to Flossie O. Vollendorf and Essie I. Camp, the adverse parties, by personal service upon them or their attorney of record of a copy of said claim of appeal.''

The proof of service filed in the matter not only fails to show personal service, but in fact negatives such method of service by affirmatively showing that service was made by mail.

The statute, *supra,* directing the manner of service is mandatory and affects the jurisdiction of the court.

In *Sokup* v. *Davis' Estate,* 206 Mich. 144, the circuit court proceeded to hear an appeal from probate court after denying a motion to dismiss the appeal made on the ground that notice of appeal had not been served in the manner directed by the court. This court held that the circuit court was without jurisdiction to hear the appeal (pp. 151, 152):

''Here, as appears by the record, the notice of appeal was not served on the defendant, or adverse party, within 15 days, as shown by the proof of service. The order of the probate court, as appears by the journal entry bearing date January 24, 1918, directed notice of the appeal to be given personally. As appears by the record, this notice was not given until February 9, 1918, more than 15 days from the date of the order. There is no claim that the de-

fendant waived notice of the service. We think the statute requiring this service within a certain time is mandatory, and one affecting the jurisdiction of the circuit court. *Merriman* v. *Jackson Circuit Judge,* 95 Mich. 277; *Bennett* v. *Hickey,* 110 Mich. 628; *Hosey* v. *Ionia Circuit Judge,* 120 Mich. 280.

\* \* \*

"So in any view which we are able to take of the case, we are constrained to hold that the circuit court was without jurisdiction, and that the motions to dismiss the appeal should have been granted. This is not a case where an application for a delayed appeal has been made and considered by the circuit court. It is a case where that court has failed to obtain jurisdiction of the case, by reason of noncompliance with the statutory requirements."

In 1899, when *Hosey* v. *Ionia Circuit Judge,* 120 Mich. 280, was decided, the statute (3 How. Stat. § 6782) was substantially the same as now, and required that the party appealing from a probate court order should file evidence that notice had been given to the adverse party "according to the order of the probate court." In that case the probate court had ordered notice to be given four persons, naming them, "by delivering to them a certified copy of this order." The notice was personally served on all except one of them, James Hosey, and proof of service by mail was filed as to him. A motion was made to dismiss the appeal on the ground that no sufficient service was made on James Hosey. Whether or not the notice was actually received by James Hosey by mail does not appear. The motion was denied by the circuit judge. On mandamus this court directed the circuit judge to set aside the order of denial and dismiss the appeal, and said (pp. 281, 282):

"The service made was not in compliance with the order of the probate court, which required personal

service upon all the parties named.  *  *  *  The statute requiring notice to the adverse party is mandatory, and, until the party is given such notice, the circuit court has no jurisdiction over the parties to the record. *Merriman* v. *Jackson Circuit Judge,* 95 Mich. 277. The order made by the probate court required personal service. The notice by mail was not sufficient notice."

The above case is identical with the instant case in that in both cases service by mail was attempted, by mailing the notice of appeal to an adverse party, and proof of such service was shown by affidavit in both cases. The only difference is that in the *Hosey Case* there is no showing whether the mailed notice was received, while in the case at bar it was received by the attorney but promptly returned and *acceptance* of such service by mail refused. The principle of law is the same—service by mail is not personal service as required by the statute in both these cases, and jurisdiction of the circuit court does not depend on whether or not there is evidence that the mail was received, so long as the statute requiring personal service was not complied with.

In the case at bar service of the notice of appeal on the adverse party is in the same category as service of an original writ or summons after the filing of a declaration or bill of complaint in a court of record. It is the service of process, or of the notice of appeal, that gives the circuit court jurisdiction over the *person* of the adverse party, or the defendant. The filing of a declaration or bill of complaint may confer jurisdiction over the subject matter, but not jurisdiction over the adverse party or defendant. That can be obtained only by service in accordance with the applicable statute.

"It is the general rule that, if a statute prescribes a method for serving process, the method must be

followed." *Lyon* v. *Baldwin,* 194 Mich. 118, 122 (L. R. A. 1917C, 148).

"The manner of this service being a departure from the common law, must accord strictly with the statutory requirements, and such statute has been held to be mandatory. 21 R. C. L. p. 1280." *Knopf* v. *Herta,* 212 Mich. 622, 629.

"The manner of securing jurisdiction over the person of a defendant by the service of process is statutory. * * * The judgment was void for want of jurisdiction in the court to render it." *Preferred Automobile Insurance Co.* v. *Oakland Circuit Judge,* 247 Mich. 67, 70.

"Service of process may only be made in the manner prescribed by law." *Defoe* v. *Wayne Circuit Judge,* 252 Mich. 337, 339.

"Proper service is necessary for the court to acquire jurisdiction over the parties." *Union Guardian Trust Co.* v. *Grevnin,* 261 Mich. 344, 347.

In the instant case it is apparent that the statute, read in connection with the court order, requires personal service. It is argued that service by ordinary mail is a sufficient compliance with the statute provided it is proven that the adverse party actually received the notice by mail, even though he promptly refused to accept such service for some reason—either good or bad—expressed by him. I hold that jurisdiction over the person cannot be obtained in that manner.

In *McCaslin* v. *Camp,* 26 Mich. 390, plaintiff had obtained a judgment against Camp in justice court, and leave was granted Camp by the circuit court to take an appeal, on account of his having been prevented from taking it by circumstances beyond his control. Service of notice of the petition for leave to appeal was made by mail. The circuit court

granted the appeal, denied a motion to rescind, and subsequently entered judgment on the appeal. This court set aside the judgment and dismissed the appeal, and in so doing said (p. 392):

"But there was no proper service of any notice whatever. This was indispensable. McCaslin had obtained a judgment which could only be assailed by an original proceeding in the circuit court. The application for the allowance of an appeal, although not a regular suit or action, is nevertheless a special proceeding materially affecting the legal rights of a judgment creditor, who has never been brought before within the jurisdiction. The court cannot, therefore, obtain authority to assume any control over him, except in the same way in which it can get control over other respondents. This must always be by personal service, unless there are circumstances of necessity, which would authorize a substituted service, to save the rights in question. Whether this could be had without statutory authority, we need not now consider, as no such service has been provided for by any existing rule. The rule of the circuit court practice, which allows these notices to be the same as on special motions, refers to the time of service. There is no rule of court authorizing service by mail, of any papers, in cases, or upon persons, *not already before the court, and subject to its complete jurisdiction.* There can be no mail service on parties or attorneys who have not appeared generally in the cause before the circuit court, and are not already in court."

Nor can it be said in the instant case that the attorney's receipt of the notice of appeal by mail constitutes a *waiver* of the statutory requirement for personal service. According to the statute, in order to be considered as a waiver of the service as directed by the probate court, the waiver must be in writing and filed in the circuit court. There is no claim of compliance with this requirement.

No time need be spent demonstrating that "personal" service means service on one personally. In this State several methods of service are recognized by various statutes and court rules, such as personal service, service by publication, service by registered mail. Personal service and service by mail are not one and the same method of service.

In this case the circuit court did not obtain jurisdiction over the *persons* of the adverse parties. The writ prayed for should issue directing the circuit court to set aside the order denying the motion to dismiss the appeal and directing that the appeal be dismissed, with costs to appellants.

CARR, BUSHNELL, SHARPE, NORTH, and STARR, JJ., concurred with BOYLES, J.